FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 14 2026 ★
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF NEW YORK**

= = = = = = = = = = = = = = = = = = = = = = = = X

**ROSANA Y. LAMANNA**

Plaintiff,

**FEDERAL COMPLAINT**

-AGAINST-

**Docket No#** ____________

**September 1, 2026**

CV 26 5659

**KENNETH J. LAURI, JUDGE** OF DISTRICT CIVIL COURT
SUFFOLK COUNTY and JOHN DOE (Attorney)

RECEIVED
SEP 14 2026
EDNY PRO SE OFFICE

Defendant(s)

= = = = = = = = = = = = = = = = = = = = = = = = X

TO: ALL NAMED DEFENDANTS HEREIN

BROWN, J.
TISCIONE, M.J.

Plaintiff, **Rosana Y. Lamanna,** each appearing Pro-Se herein as individual party plaintiffs, being duly sworn, depose and say for its Complaint in support of a summons, alleged claims against defendants as follows:

Plaintiff hereby alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this complaint under federal diversity jurisdiction pursuant to 28 USC Section 1331; 1332, as there is

REC'D IN PRO SE OFFICE
SEP 14 '26 PM2:58

a question of federal law and amount in controversy exceeds $ 75,000.00 dollars.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred prior to the state court's judgment of foreclosure and actions or acts that violate federal banking and fraud statutes and due process violations of the constitution.

## PARTIES INVOLVED

3. That at all times hereinafter mentioned, plaintiff **Rosana Y. Lamanna** was and still is a resident and has residence in New York, County of Suffolk and she resides is located 24 Seley Drive, North Babylon, NY 11703.

4. That at all-time hereinafter mentioned, defendant, **Kenneth J. Lauri**, Suffolk County District Court (eviction) Judge hose offices are located at 30 East Hoffman Avenue, Lindenhurst, NY 11757 or in care of has conducted business within the State of New York with a business located above and engaged in the flagrant constitutional violations in this State with regards to a due process rights to trial, and engaged in threats, including

judicial intimidation, coercion, retaliation and or retaliatory action because of plaintiff's exercise of her constitutional protected activities and or addressing the court.

COUNT ONE: FIRST AMENDMENT VIOLATION OF THE CONSTITUTION OF THE PLAINTIFF'S RIGHTS TO A FAIR AND TIMELY TRIAL WITH DELIBERATE ATTEMPT TO UNDERMINE AND THREATEN, COERCE AND INTIMIDATE THE PLAINTIFF FOR HER PROTECTED ACTIVITIES AND OR SELF REPRESENTATION.

COUNT TWO: DUE PROCESS CONTITUTIONAL VIOLATION UNDER THE FIFTH AND SIXTH AMENDMENTS with the THREAT OF EVICTION BY THE DEFENDANTS

COUNT THREE: CONSPIRACY OF BOTH DEFENDANTS TO INTIMIDATE THE PLAINTIFF DURING COURT PROCEEDINGS IN EVICTION CASE

i. **CAUSES OF ACTION:**

- That the plaintiff has constitutional rights there were violated by the defendant and as a result of these violations that caused a deprivation of rights, emotional and mental anguish and anxiety along with the threats of an eviction within (a week after trial).
- First Amendment violation against defendant by forcing the plaintiff to a trial she was never to attend because the matter was "…..transferred pursuant to CPLR Article 7804 (g) to the Supreme Court for consolidation…",

and the lower district court judge (ego) was hurt and threatened and engaged in such actions that qualified immunity would not protect his actions.

- Third cause of action is that the defendant, attorney (unknown, who represented the petitioner Bank) participated in and aided in the conspiracy with the defendant Judge to engage in threats, intimidation and unconstitutional fake trial hearing that plaintiff was never supposed to attend, {since the matter was legally transferred several weeks ago) to the Supreme Court.
- That notices and the submission of the Supreme Court order was made published in open court (two weeks ago) and both defendants were aware of the possibility of contempt claims if violate such order of transfer (see Attached).

ii. STATEMENT OF FACTS

1. The plaintiff contends that on September 1, 2026, she attended an unscheduled eviction proceeding at the Second District Court of Suffolk County where the defendant's Judge (chambers resides).
2. That the case was technically transferred pursuant to CPLR Article 7804(g) to the Superior Court at 1 Court

Street, Riverhead, New York and that this order was issued two weeks ago.

3. That all parties, including both the defendants during the previous hearing with no stay attached.

4. The Superior court ordered a '….**TRANSFER OF THE ENTIRE CASE…**' to the jurisdiction of the Supreme Court.

5. There's no stay necessary in eviction proceedings nor a trial '…..when the matter was fully transferred to the Supreme Court to be consolidated with a lawsuit against the defendants…' [] .

6. This is an eviction proceeding for which the plaintiff has a related Supreme Court action against the bank (for which a foreclosure action derived therefrom), and a state action was commenced against the bank in Superior court bearing the index number of # LT-595-2026/BA (See Attached).

7. Despite the process moving forward, the Supreme Court issued a '….transfer order and signed the OSC filed by the plaintiff in that case), and was served upon all

necessary parties including the defendants in open court.

8. Nevertheless, the defendants' rescheduled a trial anyway, in contempt of the transfer order of the Supreme Court, and on September 1, 2026, at the morning calendar call, a trial was issued after the '…second call…', and the judge, the defendant herein had engaged in threats, coercion, deprivations and due process constitutional right violations at an open trial court hearing which lasted 20 minutes.

9. Plaintiff demanded the transcripts of the hearing marked for September 1, 2026 and was thwarted off by '…the expensive cost for the records…by the clerk'…." …and upon information and belief, because it was no stay in place, the defendants engaged in a trial despite the plaintiff not being prepared for examination under oath.

10. Both defendants engaged in this intimidation and threats that "….if plaintiff does not participate in the trial, she'll be evicted within one week….stated by the judge and attorney….( more intimidation ), and judicial treats and forced a trial.

11. This constitutional due process violation caused anxiety, deprivation and loss of sleep, eating and mental and emotional depression.

12. This lawsuit represents the constitutional rights of the plaintiff and her rights.

13. If the case was '…..***transferred to a superior court and consolidated therein*** …., there's no need for a stay in the lower district eviction case [?]

14. That plaintiff is in fear of an illegal fraudulent retaliatory eviction by the judge for the exercise of her rights.

15. That plaintiff was being punished by the defendants.

16. That the plaintiff conspired with each other to cause such emotional, mental and atypical hardship and violated her due process rights.

17. That the plaintiff demands that this court grants the transfer of those proceedings held in second district court eviction of Suffolk County and the Supreme Court matter in Riverhead under the pendant jurisdiction clause of this Court.

18. Plaintiff reserves her rights to submit its memorandum of facts and or addendum at a time necessary after the service of process upon all defendants' pleadings.

**WHEREFORE, your deponent respectfully prays for an order granting this complaint and the damages in a non-jury trial or virtual trial settings and to dismiss the lower court's decision or verdict of trial and to stay the entire eviction matter that was transferred pending the outcome of these proceedings under the pendent jurisdiction clause and demand damages in the amount of $ 2.5 Million Dollars and punitive damages of $ 250,000.00 dollars and further relief this court may deem just, proper and equitable.**

**Date: September 1, 2026**
**Suffolk County, New York**

/s/

Rosana Y. Lamanna
**Mailing: 24 Seley Drive**
**N. Babylon, NY 11702**

# ATTACHMENTS

At a Special Term, Part II of the Supreme Court of the State of New York Held in and the county of Suffolk County Located at 1 Court Drive, Riverhead, New York on the 28th day of July 2026

Presiding: Hon. CARL J. COPERTINO, J.S.C.

= = = = = = = = = = = = = = = = = = = = = = = = = = X

ROSANA Y. LAMANNA,

PLAINTIFF,

ORDER TO SHOW CAUSE FOR A HEARING ON THE ISSUE A TRANSFER OF THE RELATED EVICTION IN CIVIL COURT IN ORDER CONSOLIDATE WITH THESE PROCEEDINGS HEREIN [ ]

-AGAINST-

INDEX NO# 614465/2026

24 Seley Dr North Babylon, (Town of Babylon), New York 11703

**THE BANK OF NEW YORK MELLION, FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATE, SERIES 2007-9 and JOHN DOE (BANK)**

DEFENDANTS,

= = = = = = = = = = = = = = = = = = = = = = =X

Upon the reading and filing of an affidavit of **Rosana Y. Lamanna** appearing pro-se herein, being duly sworn and verified on the 17th day of July 2026 and the alleged defective service upon all parties in the

related eviction and foreclosure action and alleged lack of legal standing to eviction and fraudulent assignment of mortgage, and demand for hearing and upon the proceedings and due deliberation, it is L E T, the defendant, **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9** appearing with counsel herein show cause in person at an I.A.S. ~~Special~~ Term Part 24 courtroom 10 of this court located at the Courthouse at **Suffolk** County Supreme Court located at ~~1~~ 210 Center Drive ~~Court Street~~, Riverhead, New York on the 18th day of August, 20 26 at noon o'clock in the ~~forenoon~~ of that day or as soon thereafter as counsel may be heard why should an **ORDER TO SHOW CAUSE** for a hearing on the merits of lack of standing and the lack of personam jurisdiction upon the defendants and occupants in the related eviction matters and the previous foreclosure action bearing the index number LT-595-2026/BA ~~and~~ __________ (~~Supreme~~ Second District Court Suffolk County) lack of a traverse hearing on the issue of process server's negligence and foreclosure procedures pending the determination at a hearing upon the grounds that the plaintiff lacks standing to sue or commence these proceedings since the assignment of mortgage was

fraudulent and lacked a power of attorney, corporate resolution or written authorization and that the complaint herein is voided of any evidence that the assignment was not fraudulent and that the unverified pleadings violated the rights of the defendant and it is further; ~~ORDERED, that the order to show cause by defendant Rosana Y. Lamanna appearing pro-se is hereby granted, as follows; ORDERED, that the plaintiff is to bring forth and produce the assignment of mortgage and all persons who participated in the physical transfer of the mortgage and that it is further;~~ O R D E R E D,

that a copy of this order along with the papers for which it was granted be deem sufficient by personal delivery upon the offices of the ~~referee~~ Defendant, The Bank of New York Mellon, to an agent authorized by appointment or by law to receive service pursuant to CPLR 311 ~~whose offices are located at~~ and or its attorney on or before the 11th day of August, 2026 be deem good and sufficient service thereof; All Affidavits of Service must be filed with the Court on or before August 17, 2026.

CJC

CJC

**Entered,**

Date 28th day of July 2026

**GRANTED**

JUL 28 2026

VINCENT PULEO
Clerk of Suffolk County

/s/ [signature]
Justice of Supreme Court
HON. CARL J. COPERTINO

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = X

ROSANA Y. LAMANNA,

PLAINTIFF,

-AGAINST-

**AFFIDAVIT IN SUPPORT OF AN ORDER TO SHOW CAUSE TO CONSOLIDATE THE RELATED EVICTION TO THESE PROCEEDINGS IN THE FURTHERANCE OF JUSTICE AND FAIRNESS**

**INDEX NO# 614465/2026**

**July 18, 2026**
24 Seley Dr North Babylon,
(Town of Babylon), New York 11703

**THE BANK OF NEW YORK MELLION, FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATE, SERIES 2007-9 and JOHN DOE (BANK)**

DEFENDANTS,

= = = = = = = = = = = = = = = = = = = = = = = =X

**STATE OF NEW YORK ] SS:**
**COUNTY OF SUFFOLK ]**

I, **Rosana Y. Lamanna,** appearing pro-Se herein being duly sworn, depose and state under the penalties of perjury and upon information and belief says the following;

1. That I am the undersigned defendant herein and over the age of 21 and I have personal knowledge of

2. That I submit this Addendum in support of my motion to dismiss and vacate and set aside and to add the legal argument herein to dismiss the complaint.

3. That the assignment of mortgage is facially and also constitutionally defective and lacks written authorization to deem just execution an official bank's legal right.

4. That these proceedings against the defendant are in connection and direct nexus with the current eviction case pending before the Second District Court of the County of Suffolk bearing the index number LT-595-2026/BA, held at the Second District Court located at 30 East Hoffman Avenue, Lindenhurst, New York 11757.

5. That the landlord's address is that to the defendant in this case whose offices are located at 75 Beattie Place, Suite 300, Greenville, SC 29601, [See Attached Exhibit-A].

6. That the defendant has initiated an eviction subsequent an illegally held foreclosure for which the plaintiff herein is challenging.

7. That the foreclosure action was illegal and fraudulently obtained a judgment of foreclosure and sale and an auction thereafter.

## I. **THE FORECLOSURE ISSUES RAISED BY THE PLAINTIFF HEREIN:**

[i] In the foreclosure action, the plaintiff herein is named at the '….defendant in the foreclosure action and proceedings…, and that the issues therein raised as follows; to wit: […….that is because I have personal knowledge and financial investment in these proceedings and was never personally served that I demand this court to dismiss the entire matter with prejudice….. see below continuation'

8. That the assignment of mortgage is misleading and lacks power of attorney or a written corporate resolution.

9. According to the assignment of mortgage an unknown person had executed the assignment of mortgage without a power of attorney, corporate resolution and any real evidence of authorization to engaged in this process.

10. This constitutional debacle is a flagrant violation of the open clause section of due process rights and that

the plaintiff's legal standing is of an issue and a question of law or fact.

11. The doctrine of standing is an element of the larger question of justiciability and is designed to ensure that a party seeking relief has a sufficiently cognizable stake in the outcome so as to present a court with a dispute that is capable of judicial resolution (**Community Bd. 7 of Borough of Manhattan v Schaffer**, 84 NY2d 148, 154-155 [1994]).

12. The most critical requirement of standing, and the one arguably implicated in this case, is the presence of "injury in fact—an actual legal stake in the matter being adjudicated" (**Society of Plastics Indus. v County of Suffolk**, 77 NY2d 761, 772 [1991].

13. In this case there are several facts that dehors the record in which the plaintiff's counsel failed to detailed in its '….hearsay memorandum of law….' that lacks evidence of counsel's firsthand knowledge.

14. That the assignment to plaintiff is the key point of fact that will determine whether the plaintiff has legal standing prior to the commencement of these

proceedings, and whether the judgment of foreclosure is unconstitutional and whether the auction and sale was in violation of due process along with the illegal and subsequent eviction proceedings in district court.

15. That these proceedings rely upon the defective and fraudulent assignment of mortgage in which plaintiff relied upon and bragged about in its memorandum of law.

16. This admission is crucial to the case because the assignment must be examined in camera in order to determine who executed the assignment, whether is was actually a physical transfer, and other corporate resolutions giving and authorizing that ...person...., to engage and conduct and execute the assignment.

17. Commencing these proceedings by plaintiff must be reviewed ***denovo*** as newly discovered facts since there does exist an assignment of mortgage that was never provided or attached to the counsel's moving papers.

18. This court must ex mere muto, review this case denovo in the interest of justice and to engage in the

details of this assignment of mortgage in order to determine whether plaintiff had legal standing prior to the commencement of these proceedings to sue.

19. That the affirmation by counsel is based upon hearsay information and unsworn documents, records or files that was never vetted or examined by this court.

20. That the assignment of mortgage is the key evidence that was used prior to the commencement of these proceedings, as a fraudulent instrument which allowed for plaintiff to engage in these unconstitutional actions of foreclosing on the mortgage.

21. That there is no '….proof of filing statement by the New York State Banking Department..', pursuant to **RPAPL 1306** and plaintiff failed to furnish sufficient proof of compliance with the default notice provisions contained in the mortgage and the notice requirements pursuant to **RPAPL Section 1304**.

22. That there was no evidence by plaintiff that it had legal standing to commence these proceedings prior to the submission of the complaint.

23. "To have a proper assignment of a mortgage by an authorized agent, a power of attorney is necessary to demonstrate how the agent is vested with the authority to assign the mortgage." (*HSBC* ***Bank, USA v Yeasmin,*** 27 Misc 3d 1227 [A], [Sup Ct, Kings County 2010]).

24. "No special form or language is necessary to effect an assignment as long as the language shows the *intention of the owner of a right to transfer it* [*Emphasis added*]." (***Tawil v Finkelstein Bruckman Wohl Most & Rothman,*** 223 AD2d 52, 55 [1d Dept 1996]). (**See Suraleb, Inc. v International Trade Club, Inc., 13 AD3d 612** [2d Dept 2004]).

25. In considering a motion to dismiss for failure to state a cause of action pursuant to **CPLR 3211 (a) [7]** the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the Plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (Breytman v Olinville Realty, LLC, **54 AD3d 703, 704, 864 NYS2d 70 [2d Dept 2008]**; **Turkat v Lalezarian**

**Developers, Inc.**, 52 AD3d 595, 860 NYS2d 153 [2d Dept 2008]).

26. A plaintiff in a foreclosure action establishes standing by showing that it had either a written assignment or physical possession of the underlying note and mortgage prior to commencement (**Bank of N.Y. Mellon Trust Co. NA v Sachar**, *95 AD3d 695* [1st Dept 2012]; see also **Aurora Loan Servs. v Taylor**, 25 NY3d 355, 361 [2015]).

27. Where, as here at bar the defendant argues that plaintiff cannot establish a written assignment prior to commencement, it must "adequately prove [] that it did, indeed, have possession of the note prior to commencement of this action" (**Aurora Loan Servs.**, 25 NY3d at 362).

28. A conclusion statement in an affidavit will not suffice (**Wells Fargo Bank, N.A. v Jones**, 139 AD3d 520, 524 [1st Dept 2016]).

29. As demonstrated herein, plaintiff did not establish on its motion that it had possession of the note at the

time of commencement, so it was not entitled to summary judgment.

30. The assignment is a defect and lacked supportive and documentary evidence showing that plaintiff had standing ["….prior to the commencement of these proceedings herein….”]

31. Therefore, unlike the plaintiff in **Nationstar Mtge. LLC v Accardo** (159 AD3d 662 [1st Dept 2018], lv denied 31 NY3d 1132 [2018]), Plaintiff or its counsel failed to attach "**corroborating documentary evidence**" showing that plaintiff had physical possession of the note before commencement (***id. at 662***; see also **Aurora Loan Servs.**, 25 NY3d at 362 [allonge in attachments to note "**clearly show the note's chain of ownership**"]).

32. Such a motion should be granted only where, viewing the allegations as true, the plaintiff cannot establish a cause of action (Asgahar v Tringali, **18 AD3d 408, 409, 795 NYS2d 68 [2d Dept 2005])**.

33. It is well-settled, however, that bare legal conclusions and factual claims which are flatly

contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action (Doria v Masucci, **230 AD2d 764, 764, 646 NYS2d 363 [2d Dept 1996])**.

34. When the moving party offers evidentiary material, the court is required to determine "whether the proponent of the pleading has a cause of action, not whether [he or] she has stated one" (Meyer v Guinta, **262 AD2d 463, 464, 692 NYS2d 159 [2d Dept 1999]).**

35. A Plaintiff in a mortgage foreclosure action establishes a prima facie case for summary judgment by submission of the mortgage, the note, bond or obligation, and evidence of default (see, **Valley Natl. Bank v Deutsch,** 88 AD3d 691, 930 NYS2d 477 [2d Dept 2011]; **Wells Fargo Bank v Das Karla**, 71 AD3d 1006, 896 NYS2d 681 [2d Dept 2010]; **Washington Mut. Bank, F.A. v O'Connor,** 63 AD3d 832, 880 NYS2d 696 [2d Dept 2009]).

36. The burden then shifts to the Defendant to demonstrate "the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the Plaintiff" (**Capstone Bus.**

**Credit, LLC v Imperia Family Realty, LLC**, 70 AD3d 882, 883, 895 NYS2d 199 [2d Dept 2010], quoting **Mahopac Natl. Bank v Baisley**, 244 AD2d 466, 467, 664 NYS2d 345 [2d Dept 1997]).

37. Because the provisions of **CPLR 3211 (e)** state that it "may be made at any subsequent time" (*see*, **Hense v Baxter**, 79 AD3d 814, 914 NYS2d 200 [2d Dept 2010]).

38. The fact that **defendant** and other tenants, occupants and residence did not personally receive process and that plaintiff engaged in such conspiracy with its own process server's deception and fraudulent submission of an affidavit of service warrant this court to take drastic measures, to wit; [i] discharge of mortgage [ii] dismissal of complaint with prejudice [iii] vacatur of judgment of foreclosure and sale [iv] damages and monetary sanctions against process server.

39. The factual allegations asserted in the complaint state a legally cognizable claim for the foreclosure and sale of the subject property as against the defendant mortgagor, because the same set forth the existence of and delivery of the note and mortgage, and the

continuing default in payment thereunder (*see*, **RPAPL § 1321**; **Wells Fargo Bank, N.A. v Cohen**, 80 AD3d 753, 915 NYS2d 569 [2d Dept 2011]).

40. Further, the Plaintiff has alleged facts, which if proven, would demonstrate standing (*see*, **U.S. Bank, N.A. v Collymore**, 68 AD3d 752, 890 NYS2d 578 [2d Dept 2009]).

41. With respect to the 90-day notice contemplated by **RPAPL §1304**, it is unclear as to whether the plaintiff MAILED such notices to the residence of defendant or decease and whether mortgage at issue was a "home loan" and, thus, subject to the requirements **RPAPL § 1304** and, if so, whether the plaintiff failed to comply with the notice requirements of the statute at the time of commencement (*see*, **RPAPL § 1304**; **US Bank N.A. v Caronna**, 92 AD3d 865, 938 NYS2d 809 [2d Dept 2012]; see also, **US Bank N.A. v Kostanovic**, 46 Misc. 3d 1226[A], 2015 NY Slip Op 50307[U], 2015 NY Misc LEXIS 685 [Sup Ct, Queens County 2015]; **Valley Natl. Bank v Fowkes**, 2012 NY Misc LEXIS 5317, 2012 WL 6055788, 2012 NY Slip Op 32797[U] [Sup Ct, Suffolk County 2012]).

42. A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss (see **Taveras v City of New York**, 108 AD3d 614, 617; **Frederic v Israel**, 104 AD3d 909, 910).

43. A defendant may also waive lack of personal jurisdiction by entering into a stipulation of settlement of the action (see **Matter of Parkside Ltd. Liab. Co.**, 294 AD2d 582, 583-584; **Lomando v Duncan**, 257 AD2d 649).

44. Additionally, a defendant may waive lack of personal jurisdiction by making payments pursuant to a judgment or wage garnishment for a substantial period of time (**see Cadlerock Joint Venture, L.P. v Mitiku**, 45 AD3d 452, 452).

45. However, where the defendant's only participation in the action is the submission of a motion to vacate a default judgment for lack of personal jurisdiction, the defense of lack of personal jurisdiction is not

waived, (**seeHSBCBankUSA,N.A.vA&RTruckingCo.Inc.,** 66AD3d6 06,607).

46. The process server's affidavit, which stated that the corporate defendant was personally served by delivering a copy of the summons and complaint to its "managing/designated agent" and provided an incorrect and deliberately fraudulent description of the persons, constitutes prima facie evidence of proper service pursuant to CPLR 311 (a) (1) (2)(*see* **Bankers Trust Co. of Cal. v Tsoukas**, 303 AD2d 343, 343-344 [2003]).

47. In that the defendant submitted an affidavit of its pastor, alleging, inter alia, that the summons and complaint was never served upon her or the tenants-defendant, that neither he nor the tenant- defendant had notice of the allegations contained in the complaint, and that the person described in the affidavit of service as the recipient of the summons and complaint was not known to her, or ever associated with the corporate defendant.

48. The affidavit submitted by the defendant was sufficient to rebut the allegations contained in the

affidavit of service, and thus a hearing was necessary to determine the issue of whether proper service was effected (*see* **Garcia v Munseob**, 33 AD3d 586, 587 [2006]; **Mortgage Access Corp. v Webb**, 11 AD3d 592 [2004]; **Frankel v Schilling**, 149 AD2d 657, 659 [1989]).

49. That this court must ex mere muto, reverse the judgment of foreclosure and sale, dismiss the complaint for lack of subject matter jurisdiction, personam jurisdiction among other things and discharge the mortgage on the premises.

50. That no other persons are beneficially interested in the outcome of these proceedings herein.

51. That no other motions were filed seeking the same or similar relief with the submitted by **defendant** seeking similar relief.

52. That the defendant herein tends to file a separate law suit against plaintiff and unknown others for participating in such fraud and misrepresentation of the facts and illegal standing of plaintiff herein.

**WHEREFORE, your deponent respectfully prays for a hearing on the merits of the motion to set aside and this memorandum and addendum claim and for a traverse hearing and new evidence of a defective assignment of mortgage and for such other and further relief this court may deem just, proper and equitable.**

Sworn to before me this
21 day of July, 20 26

Rosana Y. Lamanna

Notary

LISA M. GIOIA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01GI6187694
Qualified in Suffolk County
Commission Expires 05/27/2028

MRLP
McCalla Raymer Leibert Pierce, LLP

420 Lexington Avenue, Suite 840
New York, NY 10170
T. (347) 286-7409
www.mccalla.com

ALABAMA
CALIFORNIA
CONNECTICUT
FLORIDA
GEORGIA
ILLINOIS
KENTUCKY
MISSISSIPPI
NEVADA
NEW JERSEY
NEW YORK
OHIO
OREGON
PENNSYLVANIA
TEXAS
WASHINGTON

September 2, 2026

**VIA FEDEX**
Suffolk County 2nd District Court
30 E Hoffman Ave, Lindenhurst, NY 11757
Attn: Landlord-Tenant Clerk

Re: **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9 vs. CHRISTOPHER LAMANNA, et. al.**
**Property: 24 Seley Dr, 1, North Babylon, NY 11703**
**Index No: LT-595-26/BA**
**File No. 25-20055NY**

Dear Sir/Madam:

This firm represents the Plaintiff, **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9**, in the above-referenced matter.

Enclosed please find one original and one copy of the following documents: (1) Holdover Judgment and (2) Warrant of Eviction.

Petitioner respectfully requests an executed copy of the Holdover Judgment and Warrant of Eviction be returned to the address listed on the FedEx return label enclosed.

Should you have any questions or require anything further, please do not hesitate to contact me at or .

Very truly yours,

McCalla Raymer Leibert Pierce, LLP
Tiffany Lacey

Cc Respondents

SUFFOLK COUNTY 2ND DISTRICT COURT
COUNTY OF SUFFOLK; LANDLORD-TENANT PART
-----------------------------------------------------------x

INDEX NO.: LT-595-26/BA

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9,

Petitioner,

**JUDGMENT**

- against –

**Holdover - Dwelling**

CHRISTOPHER LAMANNA, ROSANA LAMANNA, GABRIEL LAMANNA, "JOHN DOES" and "JANE DOES" ,names of additional occupants being fictitious and unknown to Petitioner, persons intended being in possession of the premises herein described,

Respondent(s),

24 Seley Dr, North Babylon, NY 11703,

Premises.

-----------------------------------------------------------x

A Notice of Petition and the Petition having been duly filed in the Office of the Clerk of this Court, and proof of service of said Notice of Petition and Petition having been duly filed within three days after service of said papers, and it appearing that the Respondent-Tenant and Respondent (Undertenants) have been duly served with the Notice of Petition and Petition, and the Notice of Petition having been heard before this Court and the Decision rendered in favor of Petitioner,

**NOW**, on motion of McCalla Raymer Leibert Pierce, LLP, the attorneys for Petitioner-Landlord, it is

**ADJUDGED**, that the possession of the Premises described in the petition be awarded to the Petitioner-Landlord, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9, and it is further

**ADJUDGED,** that a Warrant of Eviction issue to remove the Respondents, CHRISTOPHER LAMANNA, ROSANA LAMANNA, GABRIEL LAMANNA, "JOHN DOE" and "JANE DOE," having an address at 24 Seley Dr, North Babylon, NY 11703, and all persons from said Premises, and put the Petitioner-Landlord in full possession.

Dated: September _____, 2026

Enter

______________________________
JUDGE

Judgment entered in accordance with the foregoing.

Dated: September _____, 2026

______________________________
Clerk

SUFFOLK COUNTY 2ND DISTRICT COURT
COUNTY OF SUFFOLK; LANDLORD-TENANT PART

INDEX NO.: LT-595-26/BA

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9,

Petitioner,

**JUDGMENT**

- against –

**Holdover - Dwelling**

CHRISTOPHER LAMANNA, ROSANA LAMANNA, GABRIEL LAMANNA, "JOHN DOES" and "JANE DOES", names of additional occupants being fictitious and unknown to Petitioner, persons intended being in possession of the premises herein described,

Respondent(s),

24 Seley Dr, North Babylon, NY 11703,

Premises.

# JUDGMENT

Petitioner's Attorneys:
**McCalla Raymer Leibert Pierce, LLP**
420 Lexington Avenue, Suite 840
New York, NY 10170

25-20055NY - 1286267

SUFFOLK COUNTY 2ND DISTRICT COURT
COUNTY OF SUFFOLK; LANDLORD-TENANT PART
-----------------------------------------------------------x INDEX NO.: LT-595-26/BA

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9

Petitioner,

**WARRANT OF EVICTION**

Holdover - Dwelling

- against –

CHRISTOPHER LAMANNA, ROSANA LAMANNA, GABRIEL LAMANNA, "JOHN DOES" and "JANE DOES", names of additional occupants being fictitious and unknown to Petitioner, persons intended being in possession of the premises herein described,

24 Seley Dr, 1, North Babylon, NY 11703,

Premises.

-----------------------------------------------------------x

To any Sheriff, GREETING:

**WHEREAS**, a Petition in the above captioned proceeding was presented to this Court on behalf of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9, the Landlord of the Premises described as 24 Seley Dr, North Babylon, NY 11703, for a final judgment to recover possession of said Premises and for a Warrant to recover said Premises from CHRISTOPHER LAMANNA, ROSANA LAMANNA and GABRIEL LAMANNA, "JOHN DOE" and "JANE DOE," , the Respondents, upon the ground that Respondents do hold over and continue in possession of said Premises without the permission of the Petitioner-Landlord, and a Notice of Petition was duly issued out of this Court directed to the Respondents specifying the time and place of the hearing of the Petition, and proof of service of the Notice of Petition and Petition was presented, and the Decision rendered in favor of Petitioner herein. Said Premises is described as follows 24 Seley Dr, 1, North Babylon, NY 11703.

**THEREFORE**, in the name of the People of the State of New York, you are hereby commanded to remove Respondents **CHRISTOPHER LAMANNA, ROSANA LAMANNA and GABRIEL LAMANNA, "JOHN DOE" and "JANE DOE"**, and all other persons from said Premises and put Petitioner-Landlord, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9, in said Petition in full possession. **THE EARLIEST DATE UPON WHICH EXECUTION OF THIS WARRANT OF EVICTION MAY OCCUR IS 15 DAYS AFTER THE SERVICE OF THE 14 DAY NOTICE OF EVICTION BY THE SHERIFF OF SUFFOLK COUNTY.**

**EXECUTION OF THE WARRANT IS STAYED UNTIL ____________________ . THE EARLIEST DATE WHICH AN EVICTION MAY OCCUR IS __________________.**

**WITNESS,** Hon. ____________, one of the Judges of said Court on ______________________.

______________________________

Judge

SUFFOLK COUNTY 2ND DISTRICT COURT
COUNTY OF SUFFOLK; LANDLORD-TENANT PART

INDEX NO.: LT-595-26/BA

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-9.

Petitioner,

- against –

CHRISTOPHER LAMANNA, ROSANA LAMANNA, GABRIEL LAMANNA, "JOHN DOES" and "JANE DOES", names of additional occupants being fictitious and unknown to Petitioner, persons intended being in possession of the premises herein described,

Respondent(s),

24 Seley Dr, North Babylon, NY 11703,

Premises.

**WARRANT OF EVICTION**

**Holdover - Dwelling**

WARRANT OF EVICTION

Petitioner's Attorneys:
**McCalla Raymer Leibert Pierce, LLP**
420 Lexington Avenue, Suite 840
New York, NY 10170

25-20055NY - 1286267

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 14 2026 ★
LONG ISLAND OFFICE

**I. (a) PLAINTIFFS**
ROSANA Y. LAMANNA

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO-SE
24 SELEY DRIVE, NORTH BABYLON, NY 11703

**DEFENDANTS**
KENNETH J. LAURI, JUDGE
JOHN DOE (ATTORNEY FOR BANK)

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
CONSTITUTIONAL VIOLATION OF DUE PROCESS AND RETALIATION BY DEFENDANTS'

Brief description of cause:
DUE PROCESS RIGHT TO A FAIR EVICTION TRIAL AND JUDICIAL RETALIATORY OR INTIMIDATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE N/A DOCKET NUMBER

DATE
09/09/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE